**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3404-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRANDON SANABRIA,

     Defendant-Appellant.

_____

Submitted October 4, 2021 – Decided October 14, 2021

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-06-0554.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth A. Harrigan, Designated Counsel, on the briefs).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brandon Sanabria appeals from a November 20, 2019 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

I.

In January 2015 defendant stabbed Alejandro Leal multiple times in the head and neck, causing his death. A grand jury subsequently returned an indictment charging defendant with: 1) first-degree murder, N.J.S.A. 2C:11-3(a)(1) or N.J.S.A. 2C:11-3(a)(2); 2) third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and 3) fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

On November 15, 2016, defendant pled guilty to an amended charge of aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as well as an unrelated third-degree burglary charge from a separate indictment. The parties agreed that the plea would dispose of an additional pending accusation for a fourth-degree assault related to an incident while defendant was detained. The State also agreed it would dismiss the weapons offenses.

During his plea colloquy before the Honorable Sohail Mohammed, J.S.C, defendant testified that he was "pleading guilty freely, voluntarily, and because [he was] in fact guilty." He also provided a detailed factual basis for the plea.

2

With regard to the amended aggravated manslaughter charge, defendant admitted that he "stab[bed the victim] in the head and neck area" "three or four times" with a "pocketknife." Defendant added that he stabbed the victim "purposefully" as he "knew what [he was] doing when [he] stabbed" him. Furthermore, defendant testified that he did not act "in self-defense" and, while "there had been an altercation," "nobody . . . attacked [him] such that [he] needed to stab [the victim] with the knife." Defendant also admitted that he understood his actions were "reckless" and "manifest[ed] extreme indifference to . . . human life." Regarding the burglary charge, defendant stated that he "broke in the door" of a house and entered with the purpose to "take anything of value that [he] found," and that he "didn't have permission to go in" or "to take items of value from inside."

Defendant further testified that he understood that he was not obligated to accept the plea and he could have proceeded to trial where "the State would have had the obligation to prove [him] guilty beyond a reasonable doubt," his counsel "would have cross-examined witnesses on [his] behalf" and filed "pre-trial motions . . . that could have helped with [his] defense." Defendant acknowledged that he was "giving up all those rights by pleading guilty," that there was a "presumption of imprisonment," which the judge was likely to

3

impose, and that the State "could have sought to have [the] charges run consecutively, however, [they agreed] to concurrent charges."

Finally, defendant testified about his plea counsel's efforts. He agreed that his attorney had visited him "between ten and fifteen times" while he was detained, "went over the evidence that the State had and the evidence the State was proffering they would present at trial," and discussed "the various defenses that may be available" and "what [he] thought would happen at trial and what a trial would look like."

Further, defendant stated that "he asked [his attorney] questions" and his attorney "tried [his] best to answer them" and "at the conclusion of all these conversations that included looking at the [S]tate's evidence, [he] determined that [he] wished to plead guilty to these charges." Defendant also said that he was not "threatened in any way to cause [him] to plead guilty."

The judge also inquired about a letter defendant wrote to the court in which he stated he wanted to hire different counsel.[1] In response, defendant explained that after he had "sufficient time to think," he was "satisfied with [his counsel's] services." Defendant also signed plea forms that included the

---

[1] The letter referenced at the plea hearing is absent from the record on appeal.

A-3404-19

question "Are you satisfied with the advice you have received from your lawyer," to which he responded "yes."

The court sentenced defendant consistent with the plea agreement to concurrent terms of sixteen years with an eighty-five percent parole disqualifier for the aggravated manslaughter charge, five years for the burglary charge, and eighteen months for the pending assault accusation. Defendant appealed only his sentence and we affirmed, finding that it was not manifestly excessive, unduly punitive, or the result of an abuse of discretion. State v. Sanabria, No. A-2778-16 (App. Div. June 5, 2017).

On November 28, 2018, defendant filed a verified PCR petition in which he requested an evidentiary hearing. Assigned counsel subsequently filed an amended petition along with a supplemental certification. In sum, defendant claimed that his plea counsel was constitutionally ineffective because he "never provided [him] a copy of the discovery," "specifically . . . [twenty-one] DVD's of [the] State's evidence," and "never went over it with [him]," "refused to consider any . . . possibility" of going to trial because counsel "was about to get married and . . . would not be able to conduct a trial," failed to "explain[] . . . how self[-]defense would be presented at trial," and pressured him into pleading guilty.

Judge Mohammed heard oral arguments and on November 20, 2019 issued an order and a comprehensive written opinion denying defendant's petition and concluding an evidentiary hearing was not required to resolve defendant's application. As a threshold matter, the judge determined that defendant's petition was timely and was not otherwise procedurally barred.

On the merits, Judge Mohammed rejected defendant's argument that counsel was ineffective for failing to review the discovery with him, concluding that defendant's claim was expressly contradicted by his testimony during the plea hearing. The judge, who, as noted, also presided over defendant's plea, also pointed out that counsel had filed "an omnibus motion addressing the merits of the case" and "motions to reduce bail."

Judge Mohammed also rejected defendant's argument that his counsel improperly pressured him into accepting a plea, again relying on defendant's plea hearing testimony, in which defendant clearly indicated his decision to enter the plea was knowing and voluntary. Finally, the court determined that defendant was not entitled to an evidentiary hearing because he failed to establish a prima facie case of ineffective assistance. The court based that decision on its findings that the defendant's petition consisted of "bald assertions" not sufficiently supported by the record.

A-3404-19

This appeal followed in which defendant argues:

I. THE POST CONVICTION RELIEF JUDGE ERRED IN HIS DETERMINATION THAT TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE SINCE COUNSEL FAILED TO REVIEW DISCOVERY WITH DEFENDANT, PROPERLY PREPARE THE CASE AND IMPROPERLY PRESSURED DEFENDANT INTO PLEADING GUILTY.

A. Trial counsel failed to review discovery with defendant and properly prepare the case.

B. Trial counsel improperly pressured defendant into pleading guilty.

II. THE POST-CONVICTION RELIEF COURT ERRED BY DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

We disagree with all these arguments and affirm substantially for the reasons in Judge Mohammed's comprehensive and well-reasoned November 20, 2019 decision. We offer the following comments to amplify our opinion.

II.

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn

7

from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citation omitted). We review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415-16 (2004) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

A claim for ineffective assistance of counsel must satisfy the two-part test pronounced in Strickland v. Washington, 466 U.S. 688 (1984), by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (Strickland/Fritz). This test applies to plea counsel as well. State v. Gaitan, 209 N.J. 339, 350-51 (2012).

The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. A defendant, however, must overcome a strong presumption that counsel rendered reasonable professional assistance. Id. at 689. "The test is not whether defense counsel could have done better, but whether he met the constitutional threshold for effectiveness." State v. Nash, 212 N.J. 518, 543 (2013). Further, the failure to raise unsuccessful legal arguments does not constitute ineffective assistance

of counsel. State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense such as to deprive defendant of a fair and reliable outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Moreover, "a [defendant] must convince the court that a decision to reject the plea bargain" and "insist on going to trial" would have been "rational under the circumstances." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). That determination should be "based on evidence, not speculation." Ibid.

A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing State v. Preciose, 129 N.J. 451, 462 (1992)). An evidentiary hearing is required only when: 1) a defendant establishes a prima facie case in support of PCR, 2) the court determines there are disputed issues of material fact that cannot be resolved by review of the existing record, and 3) the court

determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10).

Here, we agree with Judge Mohammed that defendant failed to satisfy either the performance or prejudice prongs of the Strickland/Fritz test. As Judge Mohammed explained, defendant's claims are completely contradicted by his testimony at the plea colloquy, and his signed plea forms, and are otherwise unsupported by the record. Indeed, contrary to his claims in point one, in which he asserts that his trial counsel failed to review the entirety of the discovery in the case, during his plea colloquy, defendant admitted that his counsel visited him in jail "between [ten] and [fifteen] times" and "went over the police records" and "the evidence the [S]tate was proffering they would present at trial."

Defendant's claim that counsel improperly failed to investigate and advocate that his conduct in stabbing the victim constituted self-defense is similarly unavailing. It bears repeating that defendant explicitly disclaimed during the plea hearing that he acted in self-defense admitting that he not only stabbed the victim purposefully during an altercation, but that neither the victim nor anyone else attacked him "such that [he] needed to stab [the victim] with [a] knife." Defendant also acknowledged that his plea counsel discussed available defenses with him and what would occur at trial.

A-3404-19

Finally, defendant's claim that his plea counsel was ineffective because he pressured him to plead guilty based on his unavailability to try the case due to his pending wedding plans is similarly contradicted by defendant's plea testimony. Again, defendant testified at the plea hearing that he was satisfied with his counsel's representation and that counsel had discussed what would occur should they decide to go to trial. Defendant's claim is also contradicted by his plea form where he stated that he was satisfied with his plea counsel's representation.

### III.

Even if trial counsel's performance was deficient, we agree with Judge Mohammed that defendant's petition failed to establish that he was prejudiced by trial counsel's alleged ineffectiveness. Defendant offers no support for the proposition that it would have been reasonable, but for counsel's errors, to reject the plea offer.

As noted, defendant was originally charged with first-degree murder, which alone exposed defendant to a potential sentence of thirty years to life, N.J.S.A. 2C:11-3(b)(1), and two weapons charges, yet ultimately pled guilty to a single, lesser charge of aggravated manslaughter with a sentence of sixteen years. In addition, the State's plea offer, which was ultimately accepted by Judge

11

Mohammed, ran that sentence concurrent to defendant's convictions related to a separate robbery charge and assault accusation. Given the State's offer to significantly reduce defendant's substantial sentencing exposure and parole ineligibility, defendant fails to establish that it would have been rational to reject the plea offer and that he probably would have done so. Maldon, 422 N.J. Super. at 486.

Defendant also offers no evidence to suggest the State might have reasonably altered its plea offer based on any additional efforts of his trial counsel nor can we reasonably conclude otherwise based on defendant's bald assertions and unequivocal admission to stabbing and killing the victim without justification. We also note that defendant's petition fails to identify what, precisely, was contained in the "21 DVD's of State's evidence," or how it would have affected his decision to plead guilty or the State's generous plea offer. In sum, defendant's vague, conclusory, and unsupported statements in his certification provide no refuge against his explicit statements during the plea colloquy which included his testimony that his counsel met with him extensively, reviewed discovery, and considered all potential defenses.

Finally, because we agree with Judge Mohammed that defendant did not establish a prima facie case of ineffective assistance of counsel, we likewise

conclude he did not abuse his discretion in denying defendant's request for an evidentiary hearing.  See Preciose, 129 N.J. at 462.  To the extent we have not addressed specifically any of defendant's remaining arguments it is because we have concluded that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3404-19